# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO ONTIVEROS-VALENCIA, | 1:12-CV-01937 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on November 29, 2012. He is currently incarcerated at the Taft Correctional Institution located in Taft, California. He was convicted in this Court on July 12, 2010, by guilty plea to conspiracy to manufacture, distribute and possess with intent to distribute marijuana and illegal alien in possession of a firearm. See United States v. Ontiveros-Valencia, Case No. 1:09-cr-00216 LJO. He is serving a sentence of 120 months. Id.

Petitioner claims the district court impermissibly delegated its obligation to set a restitution payment schedule when it ordered immediate payment with the expectation the Bureau of Prisons ("BOP") would effectuate a payment schedule with Petitioner pursuant to the Inmate Financial Responsibility Program ("IFRP"). He further claims that the BOP lacks the

authority to collect restitution payments pursuant to the IFRP and therefore he should be relieved of his obligation to make restitution payments under the IFRP. He also claims he should not suffer any sanctions for failing to comply with the IFRP payment plan.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In his first claim, Petitioner alleges the district court's restitution order was unlawful as it did not set forth a proper payment schedule. Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997),

*quoting* § 2255. Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). In this case, Petitioner has not demonstrated that his remedy under § 2255 is inadequate or ineffective. Therefore, Section 2241 is not the proper avenue for raising Petitioner's sentencing claim. It should be dismissed for lack of jurisdiction.

Petitioner also contends that the BOP is without authority to collect restitution payments under the IFRP, that he should be relieved of his obligation to make these payments, and that he should be allowed to withdraw from the IFRP without suffering sanctions. Since Petitioner's claim concerns the manner, location or conditions of the execution of his sentence and not the fact of his conviction, the Court has subject matter jurisdiction under 28 U.S.C. § 2241. Montano–Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (per curiam) (addressing § 2241 petition challenging BOP's restitution policies).

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. United States v. Wilson, 503 U.S. 329, 335 (1992), *citing* 18 U.S.C. § 3621(a); United States v. Gunning, 401 F.3d 1145, 1150 (9th Cir.2005) (Gunning II ). One of the functions of the BOP is to "help the inmate develop a financial plan" towards payment of restitution and to "monitor the inmate's progress in meeting the terms of that plan." Gunning II, 401 F.3d at 1150, *quoting* 28 C.F.R. § 545.11.

In United States v. Lemoine, 546 F.3d 1042, 1050 (9th Cir.2008), the Ninth Circuit held that prisoners have no entitlement, constitutional or otherwise, to any of the benefits participation in the IFRP would provide. Participation in the IFRP is voluntary and denial of certain privileges for refusing to participate in the IFRP does not make participation in the program involuntary or

1  unlawful. Id. at 1046.

2  In this case, there is no reason to conclude that the BOP acted unlawfully in its capacity
3  as administrator to help Petitioner develop a financial plan and to monitor his progress in
4  meeting the terms of that plan. Petitioner may voluntarily remove himself from the IFRP at any
5  time. However, Petitioner's receipt of IFRP privileges depends on his participation in that
6  program. Petitioner offers no facts suggesting that he entered into his "signed contract" under
7  "threats . . . [of] severe restrictions," other than denial of IFRP incentives, which constitute
8  privileges of participating in the IFRP program and not rights under the law. (Petition at 6.)
9  Therefore the petition should be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 18, 2012**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE